Bernard Ryan, P. J.
Claimant sues to recover for the conscious pain and suffering and the death of his son allegedly resulting from an assault upon him by two “ members of the Niagara Frontier State Police Detachment, and in the employ of the State of New York, acting within the apparent scope of their employment and in the course of their duties as such police officers” on June 15, 1959.
This is a motion to examine the defendant before trial through its officers and employees, pursuant to subdivision 2 of section 17 of the Court of Claims Act.
Notice of intention to file a claim was filed and served August 21,1959. Claim was filed and served January 28,1960. According to the Clerk’s records statement of readiness was filed by the Attorney-General March 15, 1960. At this point we call attention to the answering affidavit of the Assistant Attorney-General, submitted upon this motion. Although it is premised upon a statement that the affiant is ‘ ‘ familiar with the facts and circumstances pertaining to the above entitled claim” it recites merely that “ the State of New York filed a Statement of Readiness prior to May 1960 ” leaving it to the court to rely upon its own resources for the actual date of filing. Moreover, the assistant’s affidavit does not tell us whether or not a copy of the statement of readiness was ever served upon the claimant’s attorney, an omission obligingly supplied by him in his reply affidavit.
In doing so claimant’s attorney avers that the service of such statement by the Attorney-General was ‘ ‘ extremely precipitous ”, as indeed it was, which fact redirects our attention to the abuse of the statement of readiness rule, the history and the practical application of which we recently reviewed in Dresner v. State of New York (23 Misc 2d 971 [1960]).
*520 However, claimant’s attorney must face the fact that he did not move to vacate the' statement of readiness as required by rule 4 of the Rules of the Court of Claims. He directs our attention to section 291 of the Civil Practice Act. We do not find that provision to be applicable here in aid of claimant’s motion.
Although we are sympathetic to the plea of claimant’s attorney, experience warning us to be surprised if it developed that the defendant was indeed ready for trial within six weeks after being served with the claim, we must nevertheless deny his application. (Levitch v. State of New York, 23 Misc 2d 979 [1960].)
In Bugett v. State of New York (Claim No. 36573), recently decided, the statement of readiness originally filed by the Attorney-General had been vitiated by claimant’s service of an amended claim pursuant to permission and court order. No new statement of readiness had been served. Judge Squibb logically permitted the Attorney-General to examine, denying the claimant’s motion to strike the defendant’s notice.
We find no inconsistency herein. The motion is denied.