Bebetabd Ryaet, P. J.
This is another of the ever-increasing number of motions by the Attorney-General to vacate statements of readiness filed and served by claimants’ attorneys and, like the recent motion for examination before trial in the claim of McCormick v. State of New York (27 Misc 2d 519), it calls attention to the abuse of the statement of readiness rule. (See, also, Dresner v. State of New York, 23 Misc 2d 971; Levitch v. *521 State of New York, 23 Misc 2d 979.) As in the McCormick instance the court is obliged to make its own inquiry as to the factual situation, otherwise it would be without any data or report on the history of the case upon which it could safely exercise its discretion either in favor of granting or for withholding the relief asked.
For example, the moving affidavit in this case, verified by Mr. Marocco, recites merely that he is an Assistant Attorney-General in the Department of Law and is familiar with the facts and circumstances pertaining to the above-entitled claim. His affidavit, however, does not inform the court as to what those facts and circumstances are but merely asserts that ‘ ‘ the State of New York has not had a reasonable opportunity to complete its investigation and preparation for trial, nor to conduct such pre-trial proceedings as may be necessary. ’ ’ And further: “ The State would be seriously prejudiced if it were required to proceed with the trial of this claim without being given the opportunity to conduct and complete all pre-trial proceedings as may be desired.”
The insufficiency of such an affidavit is apparent. However, upon the return day of the motion, the court elicited from counsel statements which partially filled the vacuum and by which the court was informed that the claim was filed July 6, 1960, that the claimant’s attorney filed his statement of readiness October 13,1960, and that the complaint alleges negligence of the State in permitting a defect in a State highway which resulted in the claimant’s personal injuries.
In support of the defendant’s motion to vacate the statement of readiness the Assistant Attorney-General argued, orally, that the defense had had only three months, a portion of which was Summer and in another portion of which the trial deputies were engaged in trials, and that three months was not sufficient time to prepare a case. It appeared, however, that at the time of the return day of the motion the Fall Term of court at Buffalo had come to an end and that the next Trial Term for the Buffalo District is scheduled to begin on May 1, 1961. This, of course, affords the defense an additional five months for preparation before the opening of the next term. Moreover, claimant’s counsel, in open court, stipulated that the Attorney-General may have an examination before trial, a physical examination of the claimant, and that he would furnish a bill of particulars. The motion is denied.